HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| IBEW PACIFIC COAST PENSION FUND, by and through ITS BOARD OF TRUSTEES,<br><br>    Plaintiffs,<br>v.<br><br>PUGLIA MARINE, LLC, et al,<br><br>    Defendants. | CASE NO. 3:19-cv-05129-RBL<br><br>ORDER |

THIS MATTER comes before the Court on Defendants' Notice of Pendency of Other Action, which was converted to a Motion to Stay Proceedings Pending Decision in Arbitration. Dkt. #8. Pursuant to Local Civil Rule 3(h), Defendants seek to notify the Court of similarities between this action and another case involving the same Defendants but different plaintiffs. *See Marine Carpenters Pension Fund v. Puglia Marine, LLC*, No. 3:18-cv-05809 RBL (W.D. Wash. 2018). Defendants recommend that there be "coordination between the actions." Defendants also "suggest" that the Court stay proceedings and not require contribution payments while arbitration is pending.

ORDER - 1

Defendants' request for coordination is duly noted but the Court will take no action at this time. If Defendants wish to consolidate this action with the other case, they may file a proper motion for consolidation.

To the extent Defendants request that the Court stay this action pending arbitration, their motion is DENIED. Plaintiffs point out that the parties contest whether Defendants requested arbitration within the statutory limitations period. Dkt. #13, at 7; *see also CMSH Co. v. Carpenters Tr. Fund for N. California*, 963 F.2d 238, 239 (9th Cir. 1992) (arbitration must be initiated within specified time limit after demand for payment). Even if they did, the Multiemployer Pension Plan Amendments Act (MPPAA) involves a "pay now, dispute later" scheme that does not make federal proceedings duplicative. *Findlay Truck Line, Inc. v. Cent. States, Se. & Sw. Areas Pension Fund*, 726 F.3d 738, 752 (6th Cir. 2013). Under the MPPAA's scheme, a pension plan may sue to compel a withdrawing employer to make interim payments until the amount of withdrawal liability is determined at arbitration. *See Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1991); *Trustees of Amalgamated Ins. Fund v. Geltman Indus., Inc.*, 784 F.2d 926, 931 (9th Cir. 1986); 29 U.S.C. § 1451(b) & (c). It would thus defeat the purpose of this lawsuit to stay proceedings.

//

//

//

//

//

//

Defendants' even more audacious "suggestion" that the Court refrain from ordering payments while arbitration is pending is also DENIED. This request goes to the heart of the present dispute and far exceeds the humble requirements of Rule 3(h). Defendants would be well advised to avoid such Trojan Horse tactics in the future.

IT IS SO ORDERED.

Dated this 30th day of April, 2019.

Ronald B. Leighton
United States District Judge